**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E.B. ZENGIN,<br><br>          Plaintiff,<br><br>   v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security (DHS); UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services (USCIS); TED H. KIM, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services, and MERRICK B. GARLAND, Attorney General, United States Department of Justice,<br><br>          Defendants. | Civil Action No. 24-2196 (JXN)<br><br><br>**OPINION** |

**NEALS**, District Judge:

      This matter comes before this Court on Defendants Alejandro Mayorkas, Ur Mendoz Jaddou, Ted H. Kim, and Merrick B. Garland's (collectively, "Defendants") motion to dismiss Plaintiff E.B. Zengin's ("Plaintiff") Complaint (ECF No. 1) ("Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED**, and the Complaint is **DISMISSED without prejudice**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff applied for asylum in the United States on February 19, 2020.[1] (Compl. ¶¶ 5, 12). To date, Plaintiff's application has not been adjudicated and remains pending with the United States Citizenship and Immigration Services ("USCIS"). (*Id.* at ¶¶ 13-14). Plaintiff initiated this lawsuit against Alejandro Mayorkas, Ur Mendoza Jaddou, and Ted H. Kim, and Merrick B. Garland in their official capacities as Secretary of Homeland Security, Director of USCIS, Associate Director of Refugee, Asylum and International Operations, USCIS, and Attorney General of the United States, respectively. (*See generally* Compl.). Plaintiff brings two claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), and one claim under the Mandamus Act, 28 U.S.C. § 1361. (*See generally* Compl.).

Plaintiff requests, *inter alia*, that this Court (i) enter an order mandating a time certain to adjudicate Plaintiff's Asylum Application; (ii) compel Defendants to adjudicate Plaintiff's Asylum Application; and (iii) award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504. (*See generally* Compl.).

On June 24, 2024, Defendants moved to dismiss the Complaint. (ECF No. 13) (Defs.' Br."). Plaintiff opposed the motion (ECF No. 15) ("Pl.'s Opp. Br.") and Defendants replied (ECF No. 16) ("Defs.' Rep. Br."). This matter is now ripe for consideration.

---

[1] The following factual allegations are taken from the Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, . . . apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an averment that "jurisdiction is lacking based on facts outside of the pleadings . . . ." *Smolow*, 353 F. Supp. 2d at 566 (citation omitted). In a "facial attack", the court must "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal quotation marks omitted). On a "factual" attack, the Court may "weigh and consider evidence outside the pleadings" and no "presumptive truthfulness attaches to the plaintiff's allegations." *Id.* at 346 (cleaned up). In both scenarios, the plaintiff bears the burden of proving jurisdiction. *Id.*

Defendants have put forth a facial attack to Plaintiff's assertion of subject matter jurisdiction. (Defs.' Br. at 10).[2]

---

[2] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

### B. <u>Motion to Dismiss for Failure to State a Claim</u>

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true[.]" *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

4

## III.  DISCUSSION

### A.  Administrative Procedures Act Claims[3]

Plaintiff brings a claim under the APA – that Defendants' delay in processing Plaintiff's application has been unreasonably delayed.  (Compl. ¶ 28).  In opposition, Plaintiff argues the Complaint adequately alleges an unreasonable delay in the adjudication of his asylum application. (Pl.'s Opp. Br. at 26-30).  The Court agrees with Defendants and dismisses the APA claim without prejudice.

The APA provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1).  The Third Circuit has outlined four factors for courts to consider when determining whether agency action has been "unreasonably delayed":

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act.  Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action.  Third, the court should assess the consequences of the agency's delay.  Fourth, the court should consider any plea of administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998) (internal quotation marks omitted).[4]  The Court will address each factor in turn.

---

[3] The First and Second Claims for Relief assert a "[v]iolation of the INA and Administrative Procedure[] Act." (*See* Compl. at 6-9).  While Plaintiff cites to 8 U.S.C. § 1158(d) (*see* Compl. ¶¶ 1, 22), this provision does not provide him with a private right of action under the INA. 8 U.S.C. § 1158(d)(7) expressly states: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Likewise, 8 U.S.C. § 1571(b) states:

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

"That statute, however, is stated as embodying 'the sense of Congress,' *not* a statutory command." *Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 n.1 (D.N.J. Feb. 23, 2022) (quoting 8 U.S.C. § 1571) (emphasis added); *see also Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *7 n.6 (D.N.J. Mar. 4, 2024) (explaining "the plain text of § 1571(b) only sets an aspirational standard for when USCIS should determine immigration-benefit applications").

[4] It is inappropriate for this Court to conduct this analysis on a motion to dismiss prior to discovery. This Court finds that the allegations set forth in the Complaint are sufficient to decide this matter at the motion to dismiss stage. *See*

Plaintiff filed his asylum application on February 19, 2020, meaning it has been pending for four years. (Compl. ¶¶ 5, 12). Plaintiff notes the INA's instruction that an initial interview shall be scheduled within forty-five days and an adjudication issued within 180 days absent extraordinary circumstances. (*Id.* at ¶¶ 1, 22, 26 (citing 8 U.S.C. § 1158(d))). However, the Supreme Court has held that the passage of time is not sufficient on its own to support a claim that agency action has been unreasonably delayed. *See Immigr. & Naturalization Serv. v. Miranda*, 459 U.S. 14, 18-19 (1982). Four years is within the range of time that courts have found to be reasonable in taking action. *See Jamoussian*, 2022 WL 538424, at *2 (collecting cases to show that "[t]he case law, without drawing any bright lines, has found that delays of three to five years are not unreasonable"). As such, the first factor weighs in favor of Defendants.

The Court next looks to the reasonableness of the delay in the context of the statute authorizing the agency's action. *Oil, Chem.*, 145 F.3d at 123. Plaintiff is correct that the INA details a timeline for asylum application, but Congress explicitly withheld any substantive or procedural right to enforce the timeline. 8 U.S.C. § 1158(d)(7). Because these timing requirements are not mandatory, this second factor favors Defendants.

Third, this Court analyzes the consequences of the delay. *Oil, Chem.*, 145 F.3d at 123. The Court recognizes and appreciates Plaintiff's frustration and alleged "irreparable harm" to him and his wife arising from his wait. (Compl. ¶ 19 n.1). Unfortunately, as other courts have recognized, "the painful consequences of . . . delay are inherent in our immigration system." *Azam*, 2024 WL 912516, at *10. If this Court were to order the relief that Plaintiff seeks, it would merely result in

---

*Jamoussian*, 2022 WL 538424, at *2-4 (applying the *Oil, Chemical* factors and granting the defendants' motion to dismiss); *see also Mutlu v. Mayorkas*, No. 23-22176, 2024 WL 4117329, at *3 n.1 (rejecting the plaintiff's request for the court to conduct discovery prior to analyzing *Oil, Chemical* factors); *Azam*, 2024 WL 912516, at *9 n.9 ("The record alleged in the Complaint is more than sufficient for the court to decide the unreasonable delay claim at the motion to dismiss stage."); *Bokhari v. Bitter*, No. 23-1947, 2024 WL 244211, at *1-2 (D.N.J. Jan. 22, 2024).

Plaintiff bypassing another individual who has been waiting for an interview, and this Court may not "compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others." *Id.* (internal quotation marks omitted). To hold otherwise "might have the perverse effect of incentiviz[ing] defendants to prioritize those asylum applications who have the wherewithal to retain private counsel and to bring suit in District Court." *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. Jan. 16, 2020) (alteration in original) (internal quotation marks omitted). As Defendants note in a case citation, (*see* Defs.' Br. at 18), any consequences facing Plaintiff are also significantly reduced insofar as he is permitted to live in the United States and authorized to find employment during the pendency of his application process. *See* 8 U.S.C. § 1158(d)(2); 8 C.F.R. § 208.7(a)-(b). Accordingly, this Court also finds the third *Oil, Chemical* factor weighs in favor of Defendants.

Lastly, this Court considers "any plea of administrative error, administrative inconvenience, practical difficulty in carrying out of a legislative mandate, or need to prioritize in the face of limited resources." *Oil, Chem.*, 145 F.3d at 123. Plaintiff alleges that if there are individuals whose asylum applications are more delayed than Plaintiff's, the Defendants' delay is the result of agency inefficiency and mismanagement rather than competing priorities. (Pl.'s Opp. Br. at 29). Defendants counter that they have taken steps to manage its backlog. (Defs.' Br. at 18). The Court finds Defendants have adequately demonstrated the steps taken to mitigate asylum application delays. This factor also weighs in favor of Defendants.

Having analyzed each of the factors elucidated by the Third Circuit in *Oil, Chemical*, this Court concludes that Plaintiff has failed to state a claim under the APA that the adjudication is unreasonably delayed. Accordingly, the Court dismisses Plaintiff's "unreasonable delay" claim under the APA for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. <u>Mandamus Act Claim</u>

Pursuant to the Mandamus Act, 28 U.S.C. § 1361, Plaintiff seeks an order to "compel Defendants to perform their statutory duties owed to the Plaintiff." (Compl. ¶ 10). Defendants move to dismiss Plaintiff's claim under the Mandamus Act, arguing that the Court lacks subject matter jurisdiction over this claim to issue a writ because Plaintiff cannot establish any of the necessary elements for mandamus relief. (Defs.' Br. at 10-14; Defs.' Rep. Br. at 2-5). In opposition, Plaintiff contends that the Complaint adequately states a Mandamus Act claim. (Pl.'s Opp. Br. at 12-20). The Court agrees with Defendants.

The Mandamus Act provides, in relevant part, that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "an extreme remedy that is invoked only in extraordinary circumstances." *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *1 (3d Cir. July 31, 2024). To qualify for mandamus relief, a petitioner must satisfy three requirements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Temple Univ. Hosp. v. Sec'y United States Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (quoting 3 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Judicial Review* § 8312 (2d ed. Apr. 2021 update)). These requirements have been interpreted by the Third Circuit to be jurisdictional in nature. *Id.*; *see also Soobzokov v. Att'y Gen. of the U.S.*, 515 F. App'x 98, 101 (3d Cir. 2013).

Here, Plaintiff alleges Defendants [are obligated] to perform their statutory duties owed to the Plaintiff." (Compl. ¶ 10). The Court acknowledges that provisions of the INA direct the government to schedule an initial interview within forty-five days of an asylum application and to

render a final decision within 180 days, "in the absence of exceptional circumstances." 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii). Importantly, however, 8 U.S.C. § 1158(d)(7) explicitly provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Because Plaintiff is barred from claiming any legally enforceable right to have his application adjudicated within the statutory timeframe, it follows that Plaintiff cannot establish "a clear and indisputable right to relief" sufficient to confer subject matter jurisdiction upon this Court. *See Ahmad v. U.S. Citizenship & Immigr. Svs.*, No. 23-3332, 2024 WL 3272832, at *4 (D.N.J. July 2, 2024) (collecting cases). As the Ahmad Court stated, the language of 8 U.S.C. § 1158(d)(7) "expressly and unambiguously" indicates that a litigant lacks a clear and indisputable right to have his asylum application adjudicated within the aspirational timelines. *id.* This Court also lacks subject matter jurisdiction because an adequate alternative remedy exists – namely, Plaintiff's claims under the APA. As other courts have consistently held, this alternative remedy under the APA precludes a finding of subject matter jurisdiction over the mandamus claim, even if the APA claims themselves are not adequately pled. *See Id.* at 5.

Accordingly, because Plaintiff has shown neither a right to relief nor a lack of alternative remedy, Plaintiff's claim under the Mandamus Act is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV.    **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**, and the Complaint is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

DATED: January 29, 2025

JULIAN XAVIER NEALS
United States District Judge

9